MILLER, Judge.
Effective June 30, 1970, plaintiff Mr. William M. Rasberry withdrew from and terminated the partnership named THE COUNTRY SQUIRE. The partnership was created by authentic act passed September 25, 1969 and the articles provided that if either of the two partners (Rasberry and defendant Mrs. Alta English) chose to withdraw, each partner would receive fifty per cent (50%) of the “book value” of the partnership determinable as of the date of termination.
In effect, the trial court found that the partnership’s book value as of June 30, 1970 was $17,289.10. Defendant English appealed contending that the partnership’s book value was less and plaintiff Rasberry answered the appeal contending that the book value was more. We affirm.
*836 No books were set up for the partnership during its nine months of operations. The business had been a sole proprietorship operated by English before Rasberry purchased a one-half interest. For his interest Rasberry paid English $5,000 cash and gave her a demand note for $5,810.98. This $10,810.98 represented one-half of the assets as of September 25, 1969 which were listed and valued as follows:
Inventory $11,421.97
Equipment 7,000.00
Goodwill 3,000.00
Prepaid meter deposit 200.00
TOTAL ASSETS $21,621.97
There were no liabilities. Each partner put up $300 cash to start the business. During the nine months of operations each partner drew $1,600 as salary.
The trial court’s decision in effect found the following values for the partnership assets as of June 30, 1970.
ASSETS
Inventory $10,865.90
less amount owed 1,334.06
Net Inventory $9,531.94
Equipment 7,000.00
less depreciation 543.00
Net for equipment 6,457.00
Meter deposits due 200.00
Accounts receivable 1,019.31
Goodwill 3,000.00
less lost goodwill 1,153.36
Net for goodwill 1,846.64
TOTAL ASSETS $19,054.89
LIABILITIES
Unpaid bills 217.74
Note due Bank 700.00
Bank overdraft 848.05
TOTAL LIABILITIES 1,765.79
NET BOOK VALUE $17,289.10
One half of this net book value amounted to $8,644.55. The trial court deducted the $5,810.98 owed by Rasberry on his demand note to English and rendered judgment in favor of plaintiff and against defendants in the amount of $2,833.57.
The partnership’s business made an average profit for the first three months of operations, but lost money during the following six months. At the termination of the partnership, English continued the business as a sole proprietorship. She testified that she had lost about four customers as a result of the partnership operation, but that these returned. The business returned to normal shortly after June 30, 1970.
English contends that Succession of Jur-isich, 224 La. 325, 69 So.2d 361 (1953) supports the contention that the goodwill of the business was not to be considered in determining book value. But there the partners did not pay anything for goodwill. There were partnership books and each partner was held to know that goodwill was not listed on the partnership books. The court observed that “there is no justification for setting up this intangible asset until after the good will is purchased or sold.” 69 So.2d 361, 363. Here there were no partnership books and at the start of the partnership, goodwill was purchased by one partner and sold by the other partner.
Rasberry contends that the goodwill which was appraised at $3,000 when he bought into the business was worth $3,000 some nine months later. English contends that the goodwill was lost because of the partnership operation. Two certified public accountants testified as experts but although their conclusions differed, each admitted that the partners agreement on this issue at the start of the partnership would control. There was no agreement at the start of the partnership on this issue. We find no manifest error in the conclusion that goodwill was a partnership asset but its value dropped. The arbitrary assessment of a loss of goodwill from $3,000 to the sum of $1,846.64 is supported by the record and does justice to the parties.
The testimony on the subject of depreciation of the $7,000 worth of equipment was confusing because the equipment cost $7,-000 when purchased several years before *837 the partnership was created. English had already depreciated the equipment by $1,-825.90. This created a tax problem for English on her personal return. So far as the partnership was concerned, she admitted under cross examination at Tr. 57, that the equipment was worth $7,000 less the $543 depreciation.
Although the reasons assigned by the trial court are not exactly in accord with the summary of the facts hereinabove, the result reached by the trial court is supported by the record.
The judgment is affirmed. Costs of this appeal are assessed to appellant and ap-pellee equally.
Affirmed.